GARY M. RESTAINO
United States Attorney
District of Arizona
VINCENT M. CRETA
Assistant U.S. Attorney
Arizona State Bar No. 019044
Financial Litigation Unit
405 W. Congress Street, #4900
Tucson, Arizona 85701-5041
Telephone: (520)620-7300
Vincent.creta@usdoj.gov
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | |
| Plaintiff, | **COMPLAINT** |
| v. | **(DEBT OWED TO THE UNITED STATES; FALSE CLAIMS ACT)** |
| Arizona Family Hospice, LLC, | |
| Defendant. | |

Plaintiff United States of America ("Plaintiff") alleges:

1.    This Court has personal jurisdiction over Defendant Arizona Family Hospice, LLC ("Defendant").  Defendant is an Arizona limited liability company with principal place of business in Maricopa County, Arizona.  Defendant's activities giving rise to this action occurred in Arizona.

2.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, as the action is brought by the United States of America for recovery of monetary amounts owed to the government.  Jurisdiction also exists under 28 U.S.C. § 1331, as this action is brought under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, *et seq.,* the Patient Protection and Affordable Care Act, 42 U.S.C. §§ 1320a-7k(d)(2)(A) & 1320a-7k(d)(3), and the False Claims Act, 31 U.S.C. §§ 3729-3733.

3.    Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(b).  Defendant's principal place of business is within this judicial district and its activities

giving rise to this action occurred in this judicial district.

4. Defendant is in the business of providing hospice care to federal Medicare hospice beneficiaries.

5. Between 2012 and 2018 ("Cap Years"), in the course of conducting its business, Defendant received Medicare hospice care benefit payments ("Medicare payments") from the United States Department of Health and Human Services, Centers for Medicare and Medicaid Services ("CMS").

6. The total Medicare payment to a hospice for care provided during a cap period is limited by the hospice cap amount specified in 42 CFR § 418.309 ("Hospice Cap"). *See* 42 CFR 418.308(a).

7. Payments CMS makes to a hospice during a cap period that exceed the Hospice Cap amount are overpayments ("Overpayments") and must be refunded. *See* 42 CFR 418.308(d).

8. Defendant received Medicare Overpayments for the Cap Years that must be refunded to CMS.

9. As a Medicare participant, Defendant operates under a provider agreement with CMS promising compliance with applicable statutes, regulations, and guidance, including Medicare reimbursement rules.

10. Despite notification and demand, Defendant has failed and refused to refund the Overpayments in violation of 42 CFR § 418.308(d) and its provider agreement, as alleged in Counts I-XV of this Complaint.

11. The Federal Debt Collection Procedure Act, 28 U.S.C. § 3001, *et seq.,* provides the procedures for collecting a debt.

12. "Debt" includes an amount owing to the United States on account of a benefits overpayment. 28 U.S.C. § 3002(3)(B).

13. The FDCPA provides that the Federal Rules of Civil Procedure shall apply. 28 U.S.C. § 3003(f).

14. The United States files this Complaint under the Federal Rules seeking a

judgment against Defendant for a debt imposed pursuant to 42 CFR § 418.309 and for liability arising under the False Claims Act, 31 U.S.C. §§ 3729-3733.

**COUNT I**

15. All previous paragraphs are incorporated as if fully set forth here.

16. The Defendant is indebted to Plaintiff as shown by the attached Certificate of Indebtedness, attached hereto as Exhibit "A" and incorporated herein by this reference.

17. All due credits and set-offs have been applied to the debt.

18. A balance remains due and owing to Plaintiff of $276,698.44 principal, plus $86,325.69 interest through March 26, 2021.

19. Interest continues to accrue at 10% per annum from March 27, 2021.

20. The debt remains unpaid despite demand for payment.

**COUNT II**

21. All previous paragraphs are incorporated as if fully set forth here.

22. Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "B" and incorporated herein by this reference.

23. All due credits and set-offs have been applied to the debt.

24. A balance remains due and owing to Plaintiff of $202,457.56 principal, plus $61,543.26 interest through March 26, 2021.

25. Interest continues to accrue at 9.75% per annum from March 27, 2021.

26. The debt remains unpaid despite demand for payment.

**COUNT III**

27. All previous paragraphs are incorporated as if fully set forth here.

28. Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "C" and incorporated herein by this reference.

29. All due credits and set-offs have been applied to the debt.

30. A balance remains due and owing to Plaintiff of $84,284.83 principal, plus $24,679.54 interest through March 26, 2021.

31. Interest continues to accrue at 9.63% per annum from March 27, 2021.

32.    The debt remains unpaid despite demand for payment.

## COUNT IV

33.    All previous paragraphs are incorporated as if fully set forth here.

34.    Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "D" and incorporated herein by this reference.

35.    All due credits and set-offs have been applied to the debt.

36.    A balance remains due and owing to Plaintiff of $590,786.45 principal, plus $172,988.94 interest through March 26, 2021.

37.    Interest continues to accrue at 9.63% per annum from March 27, 2021.

38.    The debt remains unpaid despite demand for payment.

## COUNT V

39.    All previous paragraphs are incorporated as if fully set forth here.

40.    Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "E" and incorporated herein by this reference.

41.    All due credits and set-offs have been applied to the debt.

42.    A balance remains due and owing to Plaintiff of $92,181.31 principal, plus $28,019.68 interest through March 26, 2021.

43.    Interest continues to accrue at 9.75% per annum from March 27, 2021.

44.    The debt remains unpaid despite demand for payment.

## COUNT VI

45.    All previous paragraphs are incorporated as if fully set forth here.

46.    Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "F" and incorporated herein by this reference.

47.    All due credits and set-offs have been applied to the debt.

48.    A balance remains due and owing to Plaintiff of $70,837.88 principal, plus $16,604.89 interest through March 26, 2021.

49.    Interest continues to accrue at 10.13% per annum from March 27, 2021.

50.    The debt remains unpaid despite demand for payment.

**COUNT VII**

51.     All previous paragraphs are incorporated as if fully set forth here.

52.     Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "G" and incorporated herein by this reference.

53.     All due credits and set-offs have been applied to the debt.

54.     A balance remains due and owing to Plaintiff of $103,646.19 principal, plus $24,295.40 interest through March 26, 2021.

55.     Interest continues to accrue at 10.13% per annum from March 27, 2021.

56.     The debt remains unpaid despite demand for payment.

**COUNT VIII**

57.     All previous paragraphs are incorporated as if fully set forth here.

58.     Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "H" and incorporated herein by this reference.

59.     All due credits and set-offs have been applied to the debt.

60.     A balance remains due and owing to Plaintiff of $84,851.94 principal, plus $11,115.89 interest through March 26, 2021.

61.     Interest continues to accrue at 10.13% per annum from March 27, 2021.

62.     The debt remains unpaid despite demand for payment.

**COUNT IX**

63.     All previous paragraphs are incorporated as if fully set forth here.

64.     Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "I" and incorporated herein by this reference.

65.     All due credits and set-offs have been applied to the debt.

66.     A balance remains due and owing to Plaintiff of $99,249.19 principal, plus $11,503.01 interest through March 26, 2021.

67.     Interest continues to accrue at 10.13% per annum from March 27, 2021.

68.     The debt remains unpaid despite demand for payment.

**COUNT X**

69.    All previous paragraphs are incorporated as if fully set forth here.

70.    Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "J" and incorporated herein by this reference.

71.    All due credits and set-offs have been applied to the debt.

72.    A balance remains due and owing to Plaintiff of $80,627.99 principal, plus $9,344.80 interest through March 26, 2021.

73.    Interest continues to accrue at 10.13% per annum from March 27, 2021.

74.    The debt remains unpaid despite demand for payment.

## COUNT XI

75.    All previous paragraphs are incorporated as if fully set forth here.

76.    Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "K" and incorporated herein by this reference.

77.    All due credits and set-offs have been applied to the debt.

78.    A balance remains due and owing to Plaintiff of $255,334.22 principal, plus $95,436.76 interest through December 8, 2021.

79.    Interest continues to accrue at 9.88% per annum from December 9, 2021.

80.    The debt remains unpaid despite demand for payment.

## COUNT XII

81.    All previous paragraphs are incorporated as if fully set forth here.

82.    Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "L" and incorporated herein by this reference.

83.    All due credits and set-offs have been applied to the debt.

84.    A balance remains due and owing to Plaintiff of $273,204.79 principal, plus $80,874.06 interest through December 8, 2021.

85.    Interest continues to accrue at 10.13% per annum from December 9, 2021.

86.    The debt remains unpaid despite demand for payment.

## COUNT XIII

87.    All previous paragraphs are incorporated as if fully set forth here.

88. Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "M" and incorporated herein by this reference.

89. All due credits and set-offs have been applied to the debt.

90. A balance remains due and owing to Plaintiff of $40,296.36 principal, plus $14,589.06 interest through December 8, 2021.

91. Interest continues to accrue at 9.63% per annum from December 9, 2021.

92. The debt remains unpaid despite demand for payment.

## COUNT XIV

93. All previous paragraphs are incorporated as if fully set forth here.

94. Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "N" and incorporated herein by this reference.

95. All due credits and set-offs have been applied to the debt.

96. A balance remains due and owing to Plaintiff of $251,781.61 principal, plus $94,355.32 interest through December 8, 2021.

97. Interest continues to accrue at 9.75% per annum from December 9, 2021.

98. The debt remains unpaid despite demand for payment.

## COUNT XV

99. All previous paragraphs are incorporated as if fully set forth here.

100. Defendant is indebted to Plaintiff as evidenced by the attached Certificate of Indebtedness, attached hereto as Exhibit "O" and incorporated herein by this reference.

101. All due credits and set-offs have been applied to the debt.

102. A balance remains due and owing to Plaintiff of $99,797.03 principal, plus $35,952.54 interest through December 8, 2021.

103. Interest continues to accrue at 9.63% per annum from December 9, 2021.

104. The debt remains unpaid despite demand for payment.

## COUNT XVI

### (False Claims Act)

105. All previous paragraphs are incorporated as if fully set forth here.

106.    This is an action to recover damages and civil penalties on behalf of Plaintiff arising out of Defendant's knowingly and improperly avoiding its obligation to return all Overpayments owed to CMS in violation of 31 U.S.C. § 3729(a)(1)(G), commonly known as a reverse-False Claims Act ("FCA") claim.

107.    Under the Patient Protection and Affordable Care Act, a Medicare overpayment retained more than sixty (60) days after the provider identifies the overpayment is an "obligation" to the government under the FCA. *See* 42 U.S.C. §§ 1320a-7k(d)(2)(A), 1320a-7k(d)(3); 31 U.S.C. § 3729(b)(3).

108.    As alleged in Counts I-XV above, Defendant has failed and refused to refund the Overpayments to CMS.

109.    CMS, and others acting on its behalf, identified, and notified Defendant of, each Overpayment, together with a demand for a refund of the Overpayment.

110.    To date, Defendant has knowingly and improperly avoided refunding the Overpayments in deliberate ignorance, or in reckless disregard, of the truth concerning its obligations to do so. *See* 31 U.S.C. § 3729(b).

111.    Plaintiff has been damaged because of Defendant's conduct in the amount of the Overpayments.

112.    Defendant is liable to Plaintiff for a civil penalty of not less than $5,000 and not more than $10,000 for each Overpayment alleged in this Complaint, plus 3 times the amount of actual damages Plaintiff has sustained. *See* 31 U.S.C. § 3729(a)(1)(G).

WHEREFORE, Plaintiff respectfully requests Judgment against the Defendant under Counts I through X in the amount of $1,685,621.78 principal, and $446,421.10 interest through March 26, 2021, with interest continuing to accrue from March 27, 2021; and under Counts XI through XV in the amount of $920,414.01 principal, and $321,207.74 interest through December 8, 2021, with interest continuing to accrue from December 9, 2021; and under Count XVI in the trebled amount of $10,120,993.89, plus a civil penalty of not less than $5,000 and not more than $10,000 for each Overpayment alleged in this Complaint; plus Plaintiff's costs, and such further relief as the court deems just and

reasonable.

DATED this 30th day of December, 2021.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/  Vincent M. Creta*

Vincent M. Creta
Assistant U.S. Attorney